Dykman, J.
(dissenting). I concur in the opinion of the Chief Justice in this case, except m two respects,—the bonds and mortgages upon the lands in Iowa and Texas, and the check for $2,500 delivered to the executrix on the day of the death of her testator. My conclusion is that the bond and mortgage were intended as a provision for the wife of the mortgagor, ana that, as there has been a valid judgment for the foreclosure of the mortgage, and there are no intervening rights of creditors, the transaction is valid. A mortgage is a conditional transfer of real property, and has been sustained as a provision for the support of a child. Bucklin v. Bucklin, 1 Keyes, 145. Why not for a wife? The relation of husband and wife is sufficient to sustain the instrument. 4 Kent, Comm. 465. Conveyances to a wife are always upheld when not prejudicial to creditors. 2 Kent, Comm. 132. A conveyance of real property by a husband to his wife, intended as a gift, may be sustained in equity. Hunt v. Johnson, 44 N. Y. 27. There is nothing in reason or natural justice prohibitive of this transaction. Here we have a man of large wealth, whose duty it was to make ample provision for the support and comfort of his wife both during his life and after his death, and any application of his property to that purpose must receive the approbation of the courts, and has ever done so. The cases of Harris v. Clark, 3 N. Y. 94, and Phelps v. Pond, 23 N. Y. 78, are no authorities adverse to this claim. In the first case the decision was made with reluctance, in obedience to authority, and in_ the second case the gift would have been sustained if a wife had Been the beneficiary of the promise. These two bonds and mortgages were instruments of a much more solemn character than bills of exchange or promissory notes. The land was the primary fund for the payment of the money, as between the parties to the instruments, and there has been a judgment for the enforcement of the mortgage. To hold that this rich man, who had no children, and no creditors, could not give his wife a bond and mortgage which she could enforce, is equivalent to a decision that he could not do what he would with his own property. I cannot bring my mind to such a conclusion, and I find no authority which obliges me to concur in such a result.
In relation to the $2,500 received by Mrs. Butterfield from the clerk of Mr. James, I can perceive no more reason for charging her with that sum. She was the wife of Mr. James, and was head of his household. As he was unable to attend to business, we must assume that his wife made the purchases for the house and paid the bills. It was a time when unexpected expenses might become necessary, and it was uncertain when or how more money could be obtained. There would be equal propriety in charging the wife personally with money received by her during the week or month previous for household expenses. I am therefore in favor of affirming the decree of the surrogate upon these two subjects.